# UNITED STATES DISTRICT COURT
## Southern District of Ohio

UNITED STATES OF AMERICA

## AMENDED JUDGMENT IN A CRIMINAL CASE

V.

(For Offenses Committed On or After November 1, 1987)

Randolph H. Speer

Case Number CR-2-06-129(4)

**Date of Original Judgment**

Fred Benton & James Ervin, Esq.

October 8, 2008

Defendant's Attorney

**Reason for Amendment:**

[ ] Modification of Supervision Conditions (18 USC §3563(c) or 3583(e))

[x] Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))

[ ] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 USC §3582(c)(1))

[ ] Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

[ ] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 USC §3582(c)(2))

[ ] Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(c))

[ ] Direct Motion to District Court Pursuant to [*] 28 USC §2255,

[ ] Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

[ ] 18 USC §3559(c)(7), or [*] Modification of Restitution Order

## THE DEFENDANT:

__ pleaded guilty to counts of the Information/Indictment.

__ pleaded nolo contendere to counts ___ of the Information/Indictment.

_x_ was found guilty on counts one (1), four (4), five (5), six (6), twelve (12), and seventeen (17) thru twenty-two (22) of the Superseding Indictment after a plea of not guilty.  The case was remanded for re-sentencing on counts one (1), four(4) thru six(6) and twelve (12).

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 18 U.S.C.§371 | Conspiracy | 11/18/02 | One |
| 15 U.S.C.§§77q(a) and 77x | Securities Fraud | 11/18/02 | Four - Six |
| 18 U.S.C.§§1343 and 2 | Wire Fraud | 11/18/02 | Twelve |

The defendant is sentenced as provided in pages 2 through 9 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__ The defendant has been found not guilty on counts ___ of the Information/Indictment, and is discharged as to such counts.

__ Counts ___ of the Information/Indictment is/are dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Social Security No.

December 15, 2011

Defendant's Date of Birth

Date of Imposition of Sentence

Defendant's USM No.

_[signature]_

Defendant's Residence Address:

Signature of Judicial Officer

Algenon L. Marbley
United States District Judge

Defendant's Mailing Address:

March 23, 2012
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE HUNDRED FORTY-FOUR (144) MONTHS on each of counts one (1) four(4) thru six(6), and twelve (12) to be served concurrently.

__ The Court makes the following recommendations to the Bureau of Prisons:


_x_ The defendant is remanded to the custody of the United States Marshal.
__ The defendant shall surrender to the United States Marshal for this district,
    __ at .m. on ____.
    __ as notified by the Marshal.

__ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons
    __ before 2 p.m. on ____.
    __ as notified by the United States Marshal.
    __ as notified by the Probation or Pretrial Service Office.


## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

                R. Allen Smith
                United States Marshal

                By _____
                Deputy U.S. Marshal

Defendant: Randolph H. Speer                                Judgment --Page 3 of 9
Case Number: CR-2-06-129(4)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS. Ass previously imposed conditions of supervised release shall remain.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within fifteen (15) days of release from imprisonment and at least two (2) periodic drug tests thereafter, as directed by the probation officer.

     _      The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

X    The defendant shall not possess a firearm as defined in 18 U.S.C. §921.

If this judgment imposes a fine or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthful all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer 10 days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record of personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| Count      | Assessment | Fine | Restitution        |
|------------|------------|------|--------------------|
| One        | $100.00    |      | $2,384,147,105.09  |
| Four - Six | $300.00    |      |                    |
| Twelve     | $100.00    |      |                    |

__ If applicable, restitution amount ordered pursuant to plea agreement..............................$_____

| **Totals:** | **$500.00** | $ | $2,384,147,105.09 |

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $_____

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

__ The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

   _x_ The interest requirement is waived.

   __ The interest requirement is modified as follows:

## RESTITUTION

__ The determination of restitution is deferred in case brought under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after 09/13/1994, until _____*. An Amended Judgment in a Criminal Case will be entered after such determination.

_X_ The defendant shall make restitution to the following payees in the amounts listed below. The amount of restitution amount should be ordered to be paid jointly and severally with co-defendants, Donald H. Ayers, Rebecca S. Parrett, Roger S. Faulkenberry, and related cases, Sherry L. Gibson (CR-2-03-119), Brian Stucke (CR-2-03-207), and John Allen Snoble (CR-2-04-193). While incarcerated, if the defendant is working in a non-UNICOR or grade 5 UNICOR job, the defendant shall pay $25 per quarter toward his restitution obligation. If working in a grade-4 UNICOR job, the defendant shall pay 50% of his monthly payment towards his restitution obligation. Any change in this schedule shall be made only by order of this Court.

   If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

**\*\*RESTITUTION SHOULD BE FORWARDED TO:\*\*** Scott Humphries, Attorney for Listings below:
Gibbs & Bruns, L.L.P.
110 Louisiana, Ste. 5300
Houston, Texas 77002

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Mutual of Omaha Inc. Co | $75,000,000.00 | $75,000,000.00 | |
| Ambac, Inc. | $174,500,000.00 | $174,500,000.00 | |
| Alliance Capital Management Corp. | $188,305,000.00 | $188,305,000.00 | |
| Mutual of New York Life Insurance Co. | $40,000,000.00 | $40,000,000.00 | |
| Lincoln Capital Group, LLC | $34,905,000.00 | $34,905,000.00 | |
| Highland Financial Holdings Group, LLC | $54,000,000.00 | $54,000,000.00 | |
| Pacific Investment Management Company, LLC (PIMCO) | $283,300,000.00 | $283,300,000.00 | |
| General Motors Employees III Finance, Ltd. | $180,050,000.00 | $180,050,000.00 | |
| Drake Management LLC | $20,800,000.00 | $20,800,000.00 | |
| Evergreen Investment Management Co., LLC (Wachovia) | $40,000,000.00 | $40,000,000.00 | |
| Vanderbilt Capital Advisors, LLC (Bristol CDO) | $6,000,000.00 | $6,000,000.00 | |
| Louisiana Corporate Credit Union | $2,500,000.00 | $2,500,000.00 | |
| The European Bank of Reconstruction and Development | $50,000,000.00 | $50,000,000.00 | |
| State of Arizona | $131,000,000.00 | $131,000,000.00 | |
| AmerUs Group | $23,000,000.00 | $23,000,000.00 | |
| BayernLB(formerly Bayerische Landesbank | $67,500,000.00 | $67,500,000.00 | |
| Dexia SA | $25,000,000.00 | $25,000,000.00 | |
| The Dreyfus Corporation | $25,750,000.00 | $25,750,000.00 | |
| GMO LLC | $132,000,000.00 | $132,000,000.00 | |
| OFI Asset Management (Ofivalmo Gestion) | $10,000,000.00 | $10,000,000.00 | |
| Oregon Insurance Guaranty Association | $1,000,000.00 | $1,000,000.00 | |
| Phoenix Investment Partners, Ltd. | $20,775,000.00 | $20,775,000.00 | |
| Renaissance Re Holdings, Ltd. | $5,000,000.00 | $5,000,000.00 | |
| San Paulo IMI Bank | $25,000,000.00 | $25,000,000.00 | |
| Asset Allocation & Management Co | $10,500,000.00 | $10,500,000.00 | |
| The Clifton Group | $5,900,000.00 | $5,900,000.00 | |
| **TOTAL** | **$1,631,785,000.00** | $1,631,785,000.00 | |
| Capital Guardian Trust Co & Capital Research & Management Co Attn: Mark Brubaker 11100 Santa Monica Blvd. 15th Floor Los Angeles, CA 9005 | $54,466,395.32 | $54,466,395.32 | |
| McKee Nelson, LLP One Battery Park Plaza, 34th Floor New York, NY 10036-4003 Atty for Credit Suisse First Boston (212) 556-2283 | $179,786,447.94 | $179,786,447.94 | |

| | | |
|---|---|---|
| Riversource Investments<br>(Formerly Ameriprise Financial, Inc. &<br>American Express Financial, Advisors)<br>Attn: Robin Lenarz<br>55 Ameriprise Financial Center<br>Minneapolis, Minnesota 35474<br>(612) 671-7613 | $7,400,273.35 | $7,400,273.35 |
| Kaiser Foundation Hospitals<br>Attn: William Hansen<br>1 Kaiser Plaza<br>Oakland, CA 94612<br>(510) 271-5906 | $30,000,000.00 | $30,000,000.00 |
| Harold Levinson Kasowitz Benson<br>Torres & Friedman<br>1633 Broadway<br>New York, NY 10019<br>(212) 506-1716<br>Attorney for: Metropolitian Life Co. | $91,327,466.00 | $91,327,466.00 |
| Lloyds TAB Bank plc | $94,740,761.00 | $94,740,761.00 |
| James P. Botti Porter Wright<br>41 S. High St.<br>Columbus, Ohio 43215<br>(614) 227-2178<br>Atty for: Huntington Bancshares Incorp | $14,800,222.28 | $14,800,222.28 |
| Banco Espirito Santo, SA<br>Attn: Andrew Orsen<br>320 Park Ave. 29th Floor<br>New York, NY 10022 | $8,872,831.14 | $8,872,831.14 |
| Rex Lee<br>Quinn Emmanuel Urquhart Oliver &<br>Hedges LLP<br>335 Madison Ave.<br>New York, NY 10017<br>(212) 849-7000<br>&<br>Robert J. Giuffra, Jr.<br>Sullivan & Cromwell, LLP<br>125 Broad St.<br>New York, NY 10004<br>(212) 558-3121<br>Attorneys for: ING Group | $159,570,662.00 | $159,570,662.00 |
| Swiss Reinsurance Financial Products Corp.<br>Attn: Albert Papa<br>55 E. 52nd St. 40th Floor<br>New York, NY 10055<br>(212) 317-4900 | $17,097,046.06 | $17,097,046.06 |

| | | |
|---|---|---|
| Nationwide Life Inc. Co.<br>Attn: David E. Simaitis<br>One Nationwide Plaza 1-33-7<br>Columbus, Ohio 43215<br>(614) 249-7619 | $4,650,000.00 | $4,650,000.00 |
| Nationwide Life & Annuity Inc<br>Attn: David E. Simaitis<br>One Nationwide Plaza 1-33-7<br>Columbus, Ohio 43215<br>(614) 249-7618 | $4,650,000.00 | $4,650,000.00 |
| Abu Dhabi Investment Co.<br>National Bank of Abu Dabi Bldg.<br>Khalidiya, Tariz Bin Ziad St.<br>P. O. Box 46309<br>Abu Dhabi, United Arab | $5,000,000.00 | $5,000,000.00 |
| Lawrence B. Friedman<br>Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza<br>New York, NY 10006<br>(212) 225-2840 | $80,000,000.00 | $80,000,000.00 |
| Nationwide Life Inc. Co.<br>Attn: David E. Simaitis<br>One Nationwide Plaza 1-33-7<br>Columbus, Ohio 43215<br>(614) 249-7619 | $4,650,000.00 | $4,650,000.00 |
| Nationwide Life & Annuity Inc<br>Attn: David E. Simaitis<br>One Nationwide Plaza 1-33-7<br>Columbus, Ohio 43215<br>(614) 249-7618 | $4,650,000.00 | $4,650,000.00 |
| Abu Dhabi Investment Co.<br>National Bank of Abu Dabi Bldg.<br>Khalidiya, Tariz Bin Ziad St.<br>P. O. Box 46309<br>Abu Dhabi, United Arab | $5,000,000.00 | $5,000,000.00 |
| Lawrence B. Friedman<br>Cleary Gottlieb Steen & Hamilton LLP<br>One Liberty Plaza<br>New York, NY 10006<br>(212) 225-2840 | $80,000,000.00 | $80,000,000.00 |
| **Totals:** | **$2,384,147,105.09** | **$2,384,147,105.09** |

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  _X_  in full immediately; or

B  _ $_____ immediately, balance due ( in accordance with C, D, or E); or

C  _ not later than _____; or

D  _X_  Through participation in the Bureau of Prisons' Inmate Financial Responsibility Program. in installments to commence days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  _ in _____ (e.g. equal, weekly, monthly, quarterly) installments of $_____ over a period of _____ years to commence _____ days after the date of this judgment.

Special instruction regarding the payment of criminal monetary penalties: The defendant shall liquidate all the contents of his storage facility, lithographs and art to apply towards his outstanding restitution obligation.

_ The defendant shall pay the cost of prosecution.

**  _X_  The defendant shall forfeit the defendant's interest in the following property to the United States: Money Judgment in the amount of $1,771,918,476.29 for which he is jointly and severally liable with his co-defendants. The Court will retain jurisdiction for purposes of enforcing the forfeiture order. The United States may move, at any time, to amend the order of forfeiture to substitute property having a value not to exceed $1,771,918,476.29.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States Courts District Court, Office f the Clerk, 85 Marconi Boulevard, Room 260, Columbus, Ohio 43215 except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.