IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Randolph Speer, | : | Criminal No. 2:06-cr-0129-5 |
| | | (Civil Case No. 2:12-cv-0277) |
| Petitioner | : | |
| v. | : | Judge Marbley |
| United States of America, | : | Magistrate Judge Abel |
| Respondent | : | |

# Order

Petitioner Randolph Speer brings this action under 28 U.S.C. § 2255 to vacate and set aside his criminal convictions. This matter is before the Magistrate Judge on respondent's April 11, 2012 motion to stay proceedings until Speer executes a waiver of his attorney client privilege (doc. 1152).

Petitioner has implicitly waived the attorney-client privilege as it relates to his allegations in this habeas corpus proceeding that his attorney denied him the effective assistance of counsel:

> [I]n the habeas context, courts have found implied waiver of [the attorney-client privilege] when the petitioner "injects into [the] litigation an issue that requires testimony from its attorneys or testimony concerning the reasonableness of its attorneys' conduct." *Johnson v. Alabama,* 256 F.3d 1156, 1178 (11th Cir.2001). The implied waiver in habeas proceedings has typically been the result of a petitioner's assertion of his own counsel's ineffectiveness. *See id.* ("By alleging that his attorneys provided ineffective assistance of counsel in their choice of a defense strategy, [the petitioner] put at issue-and

> thereby waived-any privilege that might apply to the contents of his conversations with those attorneys to the extent those conversations bore on his attorneys' strategic choices."); *Bittaker v. Woodford,* 331 F.3d 715 (9th Cir.2003); *see also Tasby v. United States,* 504 F.2d 332, 336 (8th Cir.1974) ("When a client calls into public question the competence of his attorney, the privilege is waived.").
>
> \*\*\*
>
> To be sure, litigants cannot hide behind the privilege if they are relying upon privileged communications to make their case. "[T]he attorney-client privilege cannot at once be used as a shield and a sword." *United States v. Bilzerian,* 926 F.2d 1285, 1292 (2d Cir.1991).

*In re Lott*, 424 F.3d 446, 452-454 (6th Cir. 2005); *see also Mason v. Mitchell*, 293 F.Supp.2d 819, 823-24 (N.D. Ohio 2003).

Respondent's April 11, 2012 motion to stay proceedings until Speer executes a waiver of his attorney client privilege (doc. 1152) is GRANTED.

If petitioner wants to pursue his claims of ineffective assistance of counsel, he must file a statement within **twenty-one (21) days of the date of this Order** waiving his attorney-client privilege to the extent that he challenges in the petition the decisions his attorneys made. The privilege will be waived as to all communications between Speer and his attorneys relevant to the decisions and actions of those attorneys challenged in the petition.

s/Mark R. Abel  
United States Magistrate Judge
